# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Denver Division

**AREA 51 SMOKE SHOP INCORPORATED,**

        **Plaintiff,**

v.

**AREA 51 CLOUD CO. d/b/a AREA 51 SMOKE & VAPE,**

**AREA 51 CLOUD LLC,**

and,

**YASSIN HOMRAN,**
as an individual,

        **Defendants.**

Case No.:

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT

Plaintiff Area 51 Smoke Shop Incorporated, by counsel, for its Verified Complaint against Defendants Area 51 Coud Co. d/b/a Area 51 Smoke and Vape, Area 51 Cloud LLC, and Yassin Homran, (collectively "Defendants"), states as follows:

### Nature of the Case

1. This is an action by Plaintiff for trademark infringement, false designation of origin, and unfair competition under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. seeking, *inter alia*, damages and injunctive relief under 15 U.S.C. §§ 1116-1117 and 17 U.S.C. § 502.

## Parties

2. Plaintiff Area 51 Smoke Shop Incorporated ("Area 51 Smoke Inc.") is a corporation organized and existing under the laws of the Commonwealth of Virginia with a principal place of business in North Chesterfield, Virginia.

3. Defendant Area 51 Coud Co. d/b/a Area 51 Smoke and Vape ("Area 51 Smoke & Vape") is a corporation organized and existing under the laws of the State of Colorado with places of business throughout Colorado, including, but not limited to, Aurora, Colorado.

4. Defendant Area 51 Cloud LLC ("Area 51 LLC") is a limited liability company organized and existing under the laws of the State of Colorado with places of business throughout Colorado, including, but not limited to, Aurora, Colorado.

5. Defendant Yassin Homran ("Homran") is an individual.

6. Upon information and belief, Homran owns, in whole or in part, Area 51 Smoke & Vape and Area 51 LLC (both companies collectively "Defendant Companies") and is an officer and director/member in both companies and the registered agent for Area 51 LLC.

7. Upon information and belief, Homran personally controls and directs the Defendant Companies' business operations in Colorado and did, and currently does, directly control, oversee, supervise, and direct the acts in Colorado which form the basis for the claims of trademark and copyright infringement(s) set forth herein.

## Jurisdiction and Venue

8. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a), 15 U.S.C. § 1121, and 17 U.S.C. § 501, *et seq*.

2

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2).

10. Defendants have engaged in, and currently engage in, copyright and trademark infringement, as set forth herein, at brick and mortar retail stores located in this judicial district, including, but not limited to, at locations in Fort Collins, Castle Rock, and Aurora, Colorado.

11. Further, Defendants displayed and/or display a company website and social media accounts, branded with the infringing mark, in this judicial district.

## Facts

12. Plaintiff Area 51 Smoke Inc. is the owner of U. S. Trademark Registration No. 6,841,818 ("'818 Registration) for the alien head ("Registered Mark") depicted below



for, *inter alia*, tobacco water pipes, namely, bubblers; rigs in the nature of smoking pipes; percolator water pipes for smoking tobacco and tobacco-derived liquid; beaker water pipes for smoking tobacco and tobacco-derived liquid; silicone water pipes for smoking tobacco and tobacco-derived liquid; acrylic water pipes for smoking tobacco and tobacco-derived liquid; tobacco grinders; smokers' rolling trays; oral vaporizers for smokers; all of the aforementioned solely intended for use with tobacco or hemp with a delta-9 tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis.

13. The '818 Registration issued on or about September 13, 2022. A true and correct copy of this registration is attached as Exhibit A.

14. The '818 Registration is valid and in full force and effect on the U.S. Patent and Trademark Office Principal Register and has been at all pertinent times herein.

15. Plaintiff is also the owner of U.S. Trademark App. Ser. No. 99381365 ("'365 Application) for the alien head depicted below



in conjunction with smoke shops; retail store services featuring vape and smoke products and accessories. The '365 Application was filed on or about September 8, 2025 and is currently pending before the U.S. Patent and Trademark Office.

16. Plaintiff is the owner of, claimant for, and assignee of, all right, title, and interest in and to, U.S. Copyright Reg. No. VA 2-458-392 ("'392 Copyright Reg."), entitled Area 51 Alien Head, shown below:



The '392 Copyright Reg. has an effective registration date of July 24, 2025 ("Copyright Registration Date").  A copy of the '392 Copyright Reg. is attached as Exhibit B.

17. Michael Liberatore ("Liberatore") is the author and creator of the work embodied in the '392 Copyright Reg. ("Work"). Liberatore transferred and assigned, by written agreement, all right, title, and interest in the Work to Plaintiff.

18. Since at least as early as December 2015, Plaintiff has continuously used the distinctive Registered Mark to market and sell smoke and vape paraphernalia in interstate commerce.

4

19. Plaintiff owns and operates brick and mortar retail smoke shop/head shop locations ("Stores") in the greater Richmond, Virginia area. Through the Stores, Plaintiff offers for sale and sells smoking and vaping products and paraphernalia to retail customers.

20. Plaintiff uses and displays the Registered Mark in conjunction with the sale of a line of smoke and vape products and paraphernalia, including, hand pipes, ashtrays, candles, and apparel.

21. Further, Plaintiff uses and displays the Registered Mark at its Stores as part of its marketing and advertising of its smoke and tobacco products and smoke and vape paraphernalia in general.

22. Plaintiff uses and displays the Registered Mark on its website area51smoke.com ("Website") as part of its marketing and advertising and has done so since at least as early as 2015.

23. Plaintiff has also used and displayed the Registered Mark on its Facebook page since at least January 2023.

24. Plaintiff has expended considerable time, effort, and resources in building its reputation and goodwill in the smoke and vape product and paraphernalia market(s) both in and outside of Virginia.

25. Although Plaintiffs operate primarily in Virginia, Plaintiff has distributed products under the Registered Mark in other states, namely in Connecticut and Florida.

26. Plaintiff's business operations have received awards and recognition, including 1st Place in the Best Head Shop category (2021), 2nd Place in Best Head Shops (2020) in Style Weekly Best of Richmond and Richmond Times-Dispatch Best of Richmond Top Rated "Best Smoke Shop" (2024).

27. In addition to Plaintiff's own advertising efforts, the Registered Mark and Work have been displayed in conjunction with such awards and recognition, *e.g.*, Style Weekly Magazine posted a photograph of Plaintiff's store, which included a prominent display of the Registered Mark/ Work, on the Style Weekly website in conjunction with First Place Award.

Defendants' Actions

28. Defendants are engaged in marketing, advertising, offering for sale, and selling tobacco and smoke and vape paraphernalia and products in the states of Colorado, Texas, and California. Defendants' smoke and vape paraphernalia include, but are not limited to, glass pipes for smoking, rolling papers, disposable vapes, and hookahs ("Defendants' Goods").

29. Defendants operate multiple retail locations under the name Area 51 Smoke & Vape ("Infringing Location" or "Infringing Locations") where they offer for sale and sell tobacco and smoke and vape products and paraphernalia. These locations include brick and mortar stores in Fort Collins, Castle Rock, and Aurora, Colorado as well as in San Antonio and Uvalde, Texas.

30. Defendants display and use an alien head ("Infringing Mark"), in various places and for various purposes at the Infringing Locations in conjunction with the sale of Defendants' smoke and vape products and paraphernalia.

31. Defendants use the Infringing Mark as their primary logo to advertise and market their retail locations and the tobacco and smoke and vape paraphernalia and products sold at such locations.

32. Defendants commenced use of the Infringing Mark in commerce on a date subsequent to the Registration Date. Defendants continue to engage in such infringing activity at the time of filing of this Complaint.

33. The Infringing Mark is identical, in all material respects, to the Registered Mark and the Work. The following table illustrates the foregoing point:

| Mark covered by '818 Registration | |
|---|---|
| Image covered by '392 Copyright Reg. | |
| Photograph (taken 9/12/2025) of Infringing Mark used and displayed by Defendants on exterior signage at an Infringing Location | |

34. Defendants prominently use and display the Infringing Mark on exterior signage at the Infringing Locations as shown, for example, in Exhibit C.

35. Defendants currently use and display the Infringing Mark on loyalty cards and other advertisements and point of sale displays in association with their smoke and vape products at the Infringing Locations.

36. Defendants operate a website at the domain www.area51smokenvape.com ("Defendants' Site") which is accessible throughout the United States, including in Virginia.

37. For a period of months, up until August 2025, Defendants' Site prominently displayed and used the Infringing Mark in connection with the advertisement of smoke and tobacco products and paraphernalia at the Infringing Locations.

7

38. Defendants' Site provided and still provides a store locator to assist customers in locating and contacting the Infringing Locations.

39. Screenshots of Defendants' Site prior to September 2025, are attached hereto as Exhibit D.

40. In addition to the use of the Infringing Mark, Defendants operate in the smoke and tobacco product market under a name which is substantially similar to that of Plaintiff, namely, *Area 51 Smoke Shop Inc.* vs. *Area 51 Smoke and Vape*.

41. Further, in addition to the use of the Infringing Mark and a similar trade name, Defendants' Site, which has the words "area51smoke" in the domain name, bears a striking similarity to Plaintiff's Website. The two sites are similar in layout, graphics, and overall "look and feel."

42. Defendants use the Infringing Mark, similar trade name, and similar website to advertise and market products which are identical to or overlapping those sold by Plaintiff.

<u>Notice and Ongoing Infringement</u>

43. On or about March 28, 2025, Plaintiff, through counsel, sent correspondence ("March 28th Letter") to several Infringing Locations and to Defendant Area 51 Smoke & Vape c/o its registered agent in Denver, Colorado.

44. The March 28th Letter provided notice of Plaintiff's rights in the Registered Mark, included a copy of the '818 Registration, and demanded that the recipients cease all use of "an identical, or substantially indistinguishable, logo/design of a smoking alien…."

45. Shortly thereafter, Defendant Homran contacted Plaintiff's counsel by telephone to discuss the Plaintiff's demand that Defendants cease use of the Infringing Mark.

46. On or about July 24, 2025, Plaintiff's counsel transmitted a second letter to Homran again asking him again, *inter alia*, to address the infringement and to cease use of the Infringing Mark in its entirety.

47. Upon information and belief, at some point in August 2025, Defendants removed the Infringing Mark from the header, footer, and/or background of Defendants' Site.

48. However, Defendants' Site still incorporates and displays a simplistic version of an alien head on its "location" page.

49. Moreover, while Defendants' may have removed the exact mark from Defendants' Site, Defendants currently have one or more active social media accounts which incorporate and display the Infringing Mark.

50. By way of example, ongoing online infringement includes an Instagram Account for an Infringing Location and a Facebook Account for a different Infringing Location, both of which incorporate, display, and use the Infringing Mark as of December 15, 2025. Further, the mark is still being displayed in various images used in Google Local Area Service Ads.

51. Despite clear notice of infringement, Defendants have failed to remove the mark from the Infringing Locations and still prominently use and display the Infringing Mark on the exterior and interior of the Infringing Locations.

52. More specifically, Defendants still prominently use and display the mark on signs at the Infringing Locations and on customer loyalty cards which are distributed at the Infringing Locations.

53. Upon information and belief, Defendants own and operate a retail smoke and vape shop at 1540 Main St., Ste #230 in Windsor, Colorado ("Windsor Location").

54. Upon information and belief, the Windsor Location opened in August or September 2025.

55. The Windsor Location has a large exterior banner which prominently displays the Infringing Mark.

56. Upon information and belief, the Windsor Location first used and displayed the Infringing Mark no earlier than August 2025.

### Defendant Yassin Homran

57. Upon information and belief, Homran is the founder of both Area 51 Smoke & Vape and Area 51 LLC and has a direct financial interest in these companies.

58. Upon information and belief, Homran has the right and ability to manage and supervise the business operations of the Defendant Companies; as such, Homran is responsible for the marketing and advertising of the Defendant Companies.

59. Upon information and belief, Homran is actively involved in the day to day operations of the Defendant Companies.

60. Upon information and belief, Homran personally participated in, directed, ratified, and condoned the infringing acts of the Defendant Companies set forth herein. Further, upon information and belief, Homran benefits financially from the infringing acts.

61. At least as early as March 2025, Homran had personal knowledge of Plaintiff's allegations concerning infringement of the '818 Registration.

62. Nonetheless, Homran continued to direct the Defendant Companies to engage in infringing activities following March 2025, and still continues to direct such action, despite having first-hand knowledge of Plaintiff's allegations and the infringing nature of the companies' actions.

<u>Lack of Consent and Confusion</u>

63. Defendants do not have permission, consent, or license from Plaintiff to use the Registered Mark or the Work.

64. Defendants had constructive knowledge of Plaintiff's rights in the Registered Mark prior to their infringement as the '818 Registration had issued prior to Defendants' use of the Infringing Mark. Defendants had actual knowledge of Plaintiff's rights in the Registered Mark at least as early as March 2025.

65. Defendants undertook their actions with full knowledge and understanding of Plaintiffs' rights in the Registered Mark.

66. Defendants' acts have resulted in instances of actual confusion as to the affiliation between the goods and services of the respective parties.

### Count I: Federal Trademark Infringement
### (15 U.S.C. §1114)

67. Plaintiff incorporates, repeats and realleges Paragraphs 1 through 66 as if fully set forth herein.

68. Plaintiff Area 51 Smoke Inc. is the owner of U.S. Trademark Reg. No. 6,841,818 for tobacco water pipes, namely, bubblers; rigs in the nature of smoking pipes; tobacco and tobacco-derived liquid water pipes for smoking tobacco and tobacco-derived liquid; percolator water pipes for smoking tobacco and tobacco-derived liquid; beaker water pipes for smoking tobacco and tobacco-derived liquid; thick water pipes for smoking tobacco and tobacco-derived liquid; silicone water pipes for smoking tobacco and tobacco-derived liquid; ice water pipes for smoking tobacco and tobacco-derived liquid; acrylic water pipes for smoking tobacco and tobacco-derived liquid; tobacco grinders; smokers' rolling trays; oral vaporizers for smokers; all of the aforementioned solely intended for use with tobacco or hemp with a delta-9

11

tetrahydrocannabinol (THC) concentration of not more than 0.3 percent on a dry weight basis. The '818 Registration is in full force and effect and has been at all pertinent times herein.

69. Plaintiff's use of the Registered Mark in commerce predates Defendants' use of the Infringing Mark in the United States.

70. The Infringing Mark is essentially identical to the Registered Mark.

71. Defendants' unauthorized use of the Infringing Mark in interstate commerce, in connection with marketing and advertising of Defendant's Infringing Locations and the sale of tobacco and smoke and vape paraphernalia and products is likely to cause confusion, or to cause mistake, or to deceive.

72. Defendants unauthorized use of the Infringing Mark in interstate commerce was, and is, an infringement of the Registered Mark in violation of 15 U.S.C. §1114.

73. Defendants' use of the Infringing Mark, without permission or consent of Plaintiff, in connection with Defendants' business operations, has been made with, and continues to be made with, actual knowledge of Plaintiff's rights in the Registered Mark.

74. Defendant's wrongful acts of infringement were, and continue to be, committed with knowledge that such infringement and use of the Infringing Mark, as set forth herein, resulted in and continues to result in confusion, mistake, and/or deception.

75. Defendants' acts as alleged herein constitute intentional and willful infringement of Plaintiff's federal trademark rights.

76. Defendants' infringement of the Registered Mark has diminished the value of the Registered Mark and has resulted in damage to the goodwill and reputation of Plaintiff.

77. Defendants' infringement of the Registered Mark has impaired Plaintiffs' future ability to franchise and negatively affected a prior franchise negotiation.

78. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer monetary injury, as well as damage to its goodwill and reputation, for which there is no adequate remedy at law. Therefore, Plaintiff is entitled to (1) injunctive relief restraining Defendants from further acts of trademark infringement; (2) an award of damages including, without limitation, Defendants' profits from derived from the use of the Registered Mark, actual damages, and treble damages; and (3) attorneys' fees and costs.

### Count II: Federal Unfair Competition and False Designation of Origin
### (15 U.S.C. §1125 (a))

79. Plaintiff incorporates, repeats and realleges Paragraphs 1 through 78 as if fully set forth herein.

80. Despite lacking consent or authority, Defendants used and continue to use the Infringing Mark, in interstate commerce, in connection with the operation of stores selling smoke and vape paraphernalia used for consumption of cannabis and tobacco.

81. In addition to using the Infringing Mark, Defendants have adopted a trade name which incorporates the dominant portion of Plaintiff's trade name for use with Defendants' business operations.

82. Further, Defendants operate and market through a website which is strikingly similar to that of Plaintiff's website and includes the words "area51smoke" in the domain name.

83. The effect of using the Infringing Mark, a similar name, and a similar website is significantly more pronounced and detrimental than simply using the Infringing Mark alone.

84. Defendants use of the Infringing Mark has caused, and is likely to cause, confusion, to cause mistake and/or to deceive members of the public, as to the origin or source of the respective parties' products, the affiliation or association of the parties' respective products, and/or the sponsorship or approval of Defendants' products by Plaintiff.

13

85. As a direct and proximate result of Defendants' unauthorized, intentional, and willful adoption and use of Plaintiff's trademark, Plaintiff has been deprived of the control of its reputation and the goodwill associated with the Registered Mark.

86. As a direct and proximate result of Defendants' unauthorized, intentional and willful adoption and use of a Plaintiff's trademark, Plaintiff has suffered monetary damage.

87. The aggregate effect of Defendant's actions in using the Infringing Mark, a similar name, and a similar website is a substantial increase in the likelihood of confusion among the public and an amplification of the injury to Plaintiff.

88. Defendants' conduct is willful and deliberate in nature with full notice and knowledge of its use of an infringing mark and a similar trade name and website.

89. Defendants' conduct is a violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125 (a)(1)(A), and has caused, and continues to cause, immediate and irreparable injury to Plaintiff and its goodwill and reputation.

90. Plaintiff is entitled to (1) injunctive relief restraining Defendants from further acts of trademark infringement and unfair competition; (2) an award of damages, including without limitation, defendants' profits, actual damages, and treble damages; and (3) attorneys' fees and costs.

## Count III: Copyright Infringement
## in Violation of 17 U.S.C. §106

91. Plaintiff incorporates, repeats and realleges Paragraphs 1 through 90 of this Complaint as if fully set forth herein.

92. At all times relevant hereto, Plaintiff Area 51 Smoke Inc. is and was the owner of all right, title and interest in the Work.

14

93. The Work possesses all the requisite elements for copyrighting under the Copyright Laws of the United States.

94. The Work has been registered with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

95. The Work has been publicly accessible and viewable on the Internet, at the domain *area51smoke.com,* since at least as early as January 2015.

96. Defendants have infringed Plaintiff's copyright(s) in the Work by unlawfully displaying the Work on the Internet and at the Infringing Locations.

97. Defendants have infringed Plaintiff's copyright(s) in the Work by unlawfully displaying the Work on marketing material and distributing such material to the public.

98. All of Defendants infringements of the Work have been purely for commercial gain.

99. The foregoing display and distribution of the Work was done by Defendants without the consent, approval, license or knowledge of Plaintiff.

100. Defendants conduct is a violation of Plaintiffs exclusive rights under 17 U.S.C. §106(1), (2), (3) and/or (5) and constitutes infringement of Plaintiff's copyrights.

101. Plaintiff is entitled to an award of Defendants' profit that are attributable to the infringement, and, actual damages in an amount equal to the value of the Work.

WHEREFORE, Plaintiff Area 51 Smoke Shop Incorporated respectfully requests that this Court grant Plaintiff the following relief:

    A. An adjudication that Defendants' use of the Infringing Mark constitutes willful and intentional trademark infringement and unfair competition under the Lanham Act;

B. An adjudication that Defendants' use and display of the Work constitutes willful and intentional copyright infringement;

C. The issuance of a preliminary and permanent nationwide injunction restraining and enjoining Defendants, and all those in active concert and participation with them, from:

    (a) registering, advertising, trading under, displaying or in any way using:

        (i) the Infringing Mark, or any designation or design involving alien images for or in conjunction with the sale or advertising of tobacco or vaping products, and

        (ii) a trademark, service mark, trade name, or Internet domain name that is confusingly similar to the Registered Mark in conjunction with the sale or advertising of tobacco or vaping products;

    (b) engaging in any activity constituting unfair competition with Plaintiff, including using the name "Area 51" or an alien, in any iteration; and,

    (c) reproducing, displaying, or distributing the Work or any derivative work therefrom;

D. An Order requiring Defendants to provide an accounting of revenue, income and other gains from use of the Infringing Mark and the Work in order to establish all revenue and profits attributable to their acts of trademark infringement, copyright infringement and unfair competition;

E. An Order requiring Defendants to deliver up for destruction all signs, banners, papers, cards, and other materials which display or incorporate the Work;

16

F. An award of monetary damages in excess of $75,000 as compensation for Defendants' trademark infringement and unfair competition, including actual damages and/or an award of Defendants' profits as well as treble damages and attorneys' fees and litigation costs pursuant to 15 U.S.C. § 1117(a);

G. An award of monetary damages in excess of $75,000 as compensation for Defendants' copyright infringement, including actual damages and/or an award of Defendants' profits, and, an award of statutory damages and attorneys' fees for any independent and separate acts of infringement which commenced following the Copyright Registration Date;

H. Prejudgment and post-judgment interest at the applicable rate as may be allowed; and,

I. Such other relief, under state and/or federal law, as the Court deems appropriate.

**Plaintiff Requests a Trial by Jury**

Date: 12/18/2025

**AREA 51 SMOKE SHOP INCORPORATED**

By: _____/s/ Anthony Tacconi_____
Anthony Tacconi, Esq. (VSB No. 47459)
IPCL Group PLC
4860 Cox Road, Suite 200
Glen Allen, Virginia 23060
(804) 658-1108 (telephone)
atacconi@ipclgroup.com

*Attorney for Plaintiff*

## **VERIFICATION**

I, Michael Liberatore, on behalf of Plaintiff Area 51 Smoke Shop Incorporated, declare as follows:

1. I am over the age of eighteen and a resident of the Commonwealth of Virginia.

2. I am an officer and director of Plaintiff Area 51 Smoke Shop Incorporated, and I am principally responsible for management and operation of the company; I have held such position at all pertinent times herein.

3. I have read the foregoing Verified Complaint. I have personal knowledge of various matters set forth therein and if called on to testify I would competently testify as to such matters.

4. I declare that the facts alleged in the Verified Complaint are true and correct to the best of my knowledge and belief. I understand that a false statement in this Verification will subject me to penalties of perjury.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed: November 12, 2025

_____
Area 51 Smoke Shop Incorporated
By: Michael Liberatore, President

20